UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No.:_____

HART MECHANICAL
CONTRACTORS, INC.,

    Plaintiff,

v.

FEDERAL INSURANCE COMPANY,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Hart Mechanical Contractors, Inc. ("Hart") hereby sues Defendant, Federal Insurance Company ("Surety"), and alleges:

### PARTIES, JURISDICTION, AND VENUE

1.    This is an action for damages exceeding $75,000, plus attorneys' fees, interest, and costs.

2.    Hart is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Miami, Florida.

3.    Surety is a corporation organized and existing under the laws of the State of Indiana with its principal place of business located in Indianapolis, Indiana and with its registered agent as the Florida Chief Financial Officer located at 200 E. Gaines St., Tallahassee, Florida 32399.

4.    The Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because Hart and Surety are citizens of different states, and the

amount in controversy, exclusive of interest, costs, and attorneys' fees, exceeds $75,000.00.

5. Venue is proper in the Southern District of Florida as the project that is the subject of the dispute between the parties is in Miami-Dade County, Florida, and all the actions that support Hart's causes of action occurred in Miami-Dade County, Florida.

6. Hart performed all conditions precedent to the institution of this action, or the conditions have been excused or otherwise waived.

7. Hart retained the law firm of Smith, Currie & Hancock, LLP, to prosecute this action and has agreed to pay reasonable attorneys' fees and costs, which Hart is entitled to recover from Surety in this action pursuant to Sections 627.428, 627.756, and 713.29, Florida Statutes.

**FACTUAL BACKGROUND AND BREACH OF BOND**

8. South Florida Behavioral Health Network, Incorporated ("Owner")–sublessee of real property located at 2200 NW 7th Avenue, Miami, Florida 33127–entered into a general construction contract with Thornton Construction Company, Inc., ("Thornton") to renovate a former hospital facility for future use as a mental health diversion facility ("Project"). Owner and Thornton are not parties to this lawsuit.

9. In connection with Thornton's contract and pursuant to Section 713.23, Florida Statutes, Thornton, as principal, and Surety, as surety, executed and delivered a payment bond to Owner, whereby Surety and Thornton jointly and

severally guaranteed payment for labor, services, and materials furnished for the Project (the "Payment Bond"). The Payment Bond is attached hereto as **Exhibit A**.

10. Thornton entered into a subcontract and change orders with Hart whereby Hart would provide all labor, material, and equipment for the mechanical work portion of the Project (the "Subcontract"). A copy of the Subcontract is attached hereto as **Exhibit B**.

11. Hart is a claimant under the Payment Bond.

12. Hart substantially performed its obligations under the Subcontract, but Thornton and Surety failed or refused pay to Hart all amounts owed.

13. Hart timely served Thornton and Surety with a written Notice of Nonpayment, but Thornton and Surety failed or refused to pay Hart all amounts owed. A copy of the Notice of Nonpayment is attached hereto as **Exhibit C**.

14. Hart served Thornton and Surety with an Amended Notice of Nonpayment reflecting the increasing amount owed to Hart as the result of Thornton's nonpayment, but Thornton and Surety failed or refused to pay Hart all amounts owed. A copy of the Amended Notice of Nonpayment is attached hereto as **Exhibit D**.

15. Hart remains to be owed $1,083,204.07 for the labor, services, and materials furnished to the Project, of which $382,737 is unpaid retainage.

16. Hart instituted this action within one year from when Hart last furnished labor, materials, and services for the Project.

WHEREFORE, Hart requests this Court enter a judgment in favor of Hart and against Surety for the amounts due Hart, including prejudgment interest, attorneys' fees, and costs, and such other and further relief as the Court deems just and proper.

DATED on this 3rd day of May 2022.

**SMITH, CURRIE & HANCOCK LLP**

*/s/ Miles Jolley*
**Brian A. Wolf, Esq.**
Florida Bar No. 983683
Primary E-mail: bawolf@smithcurrie.com
Secondary E-mail: lcherubin@smithcurrie.com

**Miles D. Jolley, Esq.**
Florida Bar No. 121094
Primary E-mail: mdjolley@smithcurrie.com
Secondary E-mail: rweiner@smithcurrie.com

101 N.E. Third Avenue, Suite 1910
Fort Lauderdale, Florida 33301
Tel:     (954) 761-8700
Fax:    (954) 524-6927

***Attorneys for Plaintiff***